We will start with the motions calendar, United States v. Duckett. May it please the court, my name is Randall Unger and I am Mr. Duckett's counsel on his appeal and I thank the court for this opportunity to present a bail motion in person before the court. I submit that Mr. Duckett satisfies the 43B for bail pending his appeal. First, he's certainly not a flight risk and I don't even think the government would contend that he is. I think the government has at least not conceded that he's not a flight risk. Am I correct? I saw nothing in the government's papers to indicate that he is. The government argues that he presents a danger to the community. Yes, that is that is one of their opposing arguments and I would submit that that's not accurate. First, of course, the government points to several incidents occurring after he was indicted. Yes, one of them involved, they alleged that there was a wire transfer of about $15,000 into an individual's account which Mr. Duckett apparently used and had access to and there's no dispute about that. What the government doesn't point out, however, is that Mr. Duckett himself informed his probation officer of that transaction. That's how the government found out about it. So while somebody might look askance at that particular transaction and question why was it done that way, there was nothing, certainly nothing illegal or improper about it. Certainly people will engage in transactions and have other people's names used for those purposes for a number of non-sinister reasons. What is your view with respect to his alleged traveling outside of the district without approval? Yes, and that was an error that he made. It was a very poor judgment. He went to Florida. As soon as he was advised by his probation officer that he needed to return, he did so immediately. He did not understand that he had to have prior approval to make such travel arrangements? I wouldn't say that he lacked that understanding. I think he did that. I'm not certain exactly what the necessity of the trip was, but again, it wasn't for anything sinister in nature. It was to see his daughter, who lived in Florida at the time, and it was a purely personal visit. What is the substantial question of law or fact that he is raising on appeal? I would submit that there is a legal insufficiency argument that certainly is a debatable issue when the court considers the merits of the appeal in this case. From my review of . . . I have to be candid with this court. I don't have all of the transcripts of the trial as yet. The court reporter has indicated to me she expects to have them available within the coming month. But from what I've read, particularly the cross-examination of the most significant witness, which was Mr. Anderson, he was a cooperating witness for the government, it appeared to me that there really was no there there. Mr. Anderson tested . . . A credibility argument you're making? Well, I hesitate to label it simply credibility because I know what this court's precedent is, and it's not just credibility. What else is it? Well, I think his testimony really indicated that he didn't believe that he had committed any crime, and his testimony was essentially the basis for Mr. Anderson's conviction. He basically refused to concede that he had broken any law. He testified that had the project not been terminated, he would have followed it through to the end, and he was hopeful to complete it. His testimony goes beyond incredible. It simply didn't provide a solid basis for the conviction. And as I pointed out, and I think as the court will see, when the merits of the appeal are considered, Mr. Duckett never submitted any invoices to the city of Hartford. All of that was done by Mr. Anderson, the government's witness. Mr. Duckett had no access to the account which was controlled by Mr. Anderson and an associate of his. So with all of those things, I believe that once this court considers the appeal, there is a substantial likelihood of a reversal of the conviction. Just the remaining matter that I wanted to address was Mr. Duckett's health. I'm advised that he suffers from leukemia, diabetes, and high blood pressure. And I'm not suggesting that the Bureau of Prisons can't deal with these issues, and he's informed me that he has been receiving treatment and medication. But certainly, he could do a lot better health-wise if he were not incarcerated during the pendency of this appeal. So I would submit for all of these reasons, I think that this court should grant the motion for bail pending appeal. Thank you, Mr. Arthur. Thank you. We'll hear from the government. Good morning. May it please the Court, Sarah Carwin for the United States. This court should follow the decision of Judge Underhill and conclude that the defendant, James Duckett, has not met his burden under the Bail Reform Act for bond pending release. Just to address where my colleague left off as to Mr. Duckett's health concerns, this was raised before the district court. I would direct this court to documents 176 and 177 on the record where Mr. Duckett's own physician opined that his conditions were stable and that they could be treated and released from both prisons. In terms of the evidence that Mr. Duckett poses a risk to the community because of his financial shenanigans, this court should understand the financial transactions referenced in the government's brief in context of Mr. Duckett's refusal to comply and comport himself with the terms of his release. He was arrested shortly before trial. He was detained by the court and then only let out under very strict home detention conditions. And the PSR details Mr. Duckett's ongoing misrepresentations to the court and to the probation office, his use of third parties to conduct transactions when facing significant financial restitution, and his lack of employment and also his lack of candor to the probation office where he was representing involvement in significant financial projects that simply were not true. The probation office summed it up to the court in its pre-sentencing submission when it said, quote, it genuinely was concerned about the risk Mr. Duckett continues to present to the community and asked that he be remanded after sentencing. In terms of the substantial question of law or fact, it is essentially a credibility attack on Mr. Anderson, which will not likely be successful on his part. This court should also review Judge Underhill's decision where he outlined the evidence at trial, which included the testimony of several other witnesses as well as emails, which Mr. Duckett was a part of. So even setting aside Mr. Anderson's testimony, there was ample evidence of Mr. Duckett's involvement in this fraud, his intention to defraud the city of Hartford and its subcontractors, and that will form a more than sufficient basis for the jury's verdict to be upheld. Seeing no questions from the bench, we'd ask the court to deny the motion. Thank you. Thank you both. We'll reserve decision.